ERVIN, Justice.
We consider petition of claimant Paul Edward Huffman for writ of certiorari directed to an order of the Industrial Relations Commission reversing an order of the Judge of Industrial Claims. The Commission’s order remanded the case to the JIC for entry of an order “complete with findings of fact not inconsistent with [the Commission’s order of reversal] . . .”
We find that the Commission improperly retried the issues of fact determined by the JIC and substituted its contrary conclusions for the findings of the JIC.
The JIC found claimant Paul Huffman received a compensable injury in an industrial accident when a heavy truck van of his employer, Radiation, Inc., ran over his feet. There was medical testimony from doctors and nonmedical testimony from claimant and other persons which the JIC accepted in finding the claim compen-sable.
No testimony was offered by employer. However, the Commission found the testimony on behalf of claimant insufficient under the rules applying to competent, substantial evidence in workmen’s compensation cases. It said in part:
. . First, the Judge of Industrial Claims found that the claimant sustained a ‘soft tissue injury,’ apparently accepting the medical opinion of Dr. Risi. Dr. Risi, though, testified that the claimant had sustained, by virtue of having had both feet ‘run over,’ a ‘Metatarsalgia.’ Metatarsalgia is commonly called “painful joint” and is often thought to be caused by osteochondrosis, indicating a disease or ossification or recalcification. See, Borland’s Illustrated Medical Dictionary. Yet, the identification of meta-tarsalgia, not objectively ascertainable, with a soft tissue injury is seemingly acceptable medical practice.
“Passing on to the second, and certainly more dramatic because less esoteric curiosity, we come upon the claimant’s testimony at page 84 of the transcript. The claimant testified that his feet ‘got run over with the wheel’ of a 6,000-pound truck van. He was asked if this meant both feet, to which he answered: ‘Yes.’ He was then asked which part of his feet were run over, and he replied” ‘Across where the toes join on the top side.’ In response, then, to the question as to what the claimant did after he ‘felt a big hurting,’ the claimant replied:
Well, it ran over one of them, I hollered; and then fell down, and it ran over the other one. .
Absent testimony in the record that the claimant was a contortionist, and in light of the unanimous medical testimony, accepted explicitly by the Judge, that the claimant’s feet suffered no fracture and no bone displacement, such a physical phenomenon is curious in the extreme. The claimant has testified that a 6,000-pound van ran over the tops of both feet, and that it happened in such sequence that after it ran over one foot he fell down whereupon the van then rolled over his other foot! . . . Competent and substantial evidence, in workmen’s compensation causes, must accord with logic and reason, U. S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951), and claimant’s testimony regarding this injury by accident does not obviously do so.”
The Judge of Industrial Claims in a comprehensive order indicated he had extensively reviewed the evidence and concluded the accident occurred as claimant and his witnesses testified. He then found the following concerning the extent of claimant’s injury:
“6. The undersigned finds that the claimant is impaired in that he has pain in both feet and limps when he walks and that he has limitations on his ability to stand or walk for any length of time. In finding this, the undersigned has con *647 sidered the testimony of the witnesses that have testified, including the claimant, and has also considered his observations of this claimant after having watched him prior to and during the hearing. The claimant testified that he has constant pain in his feet, his right foot more so than fhe left, and that he cannot stand or walk for over an hour. The claimant’s injury is of the type that gives him very few problems in the morning, but becomes more aggravated and painful as the day wears on, particularly when the claimant is at work. By the time the claimant gets off work, he suffers severe pain in his feet due to the injury he sustained in this industrial accident. The undersigned finds that because of this pain the claimant now gets around slower and does not have the stamina that he previously had; that the use of the claimant’s feet is limited and permanently restricted as a result of the pain and discomfort he suffers as a result of the metatarsalgia; that this pain increases during the course of the day and upon any activity which involves the use of his feet in any way that puts pressure on them, such as standing; that this continual pain would vary anywhere from an awareness to severe pain and this has caused the claimant to have reduced endurance and that his quickness of action in regard to the use of his feet has been greatly reduced. The undersigned finds that this injury and resultant pain and effects are permanent and continuing in nature. The undersigned finds that as a' result of the accident the claimant incurred he cannot now do, after reaching the maximum degree of recovery, that which he could do before the accident.
. . Dr. George Risi also testified, and the undersigned accepts this testimony as factual, that the claimant has suffered an injury to both feet that has resulted in an injury of a permanent nature; however, the nature of the injury was such that Dr. Risi was not able to give a percentage of disability in regard to this permanent injury. The undersigned has seen and examined the feet of the claimant at the hearing. At the hearing the claimant removed his shoes and the undersigned was able to view the claimant’s feet and had an opportunity to view the claimant prior to the hearing and notes the discomfort the claimant was experiencing in his feet. It appeared to the undersigned, and he so finds, that the claimant had sustained a permanent loss of use of each of his feet in excess of 1/3 of normal use.
“8. The undersigned finds that the lay testimony, including that of the claimant himself, is of probative value in this case in establishing the existence and location of the pain and the inability of the claimant to have full normal use of his feet. The undersigned finds that the opinions of the medical experts in this case are of benefit, but that the nature and type of the claimant’s injury is of the kind that lay testimony and the demonstrative evidence of the claimant himself is of greater benefit in arriving at- his findings.
“9. After considering the above testimony, observing the claimant at the hearing, reviewing all of the exhibits, including the medical reports in the file and considering the testimony of Dr. George Risi and the deposition of Dr. Joseph Doller, it is the finding of the undersigned Judge of Industrial Claims that this claimant is limited in his physical activities to the extent of 35% permanent partial disability of the right foot and a 30% permanent partial disability of the left foot. In arriving at this disability, I have relied upon the factors as set forth in the case of Magic City Bottle & Supply Company v. Robinson, 116 So.2d 240 (Fla.1959), to arrive at an anatomical rating which seems to correlate with the claimant’s disability of his feet and loss of the use of his feet. The undersigned therefore finds that the claimant has a resultant permanent par *648 tial disability of loss of use of the right foot entitling him to compensation for 6114 weeks and a resultant permanent partial disability of loss of use of the left foot entitling him to compensation for 521/2 weeks.”
It is our view from a careful review of the two orders that the Commission improperly retried the case and substituted its conclusions for those of the JIC. We reverse on the authority of United States Casualty Co. v. Maryland Casualty Co., supra; and Magic City Bottle & Supply Co. v. Robinson, supra, with direction to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
ADKINS, C. J., and BOYD and DE-KLE, JJ., concur.
ROBERTS, J., dissents.